**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Identity Security LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>Apple Inc.,<br><br>                    Defendants. | Case No. 6:21-cv-460-ADA<br>**JURY TRIAL DEMANDED** |

**DEFENDANT APPLE INC.'S OPPOSED MOTION TO TRANSFER VENUE
WITHIN THIS DISTRICT UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND ................................................................................................2

    A. Apple's Relevant Witnesses And Evidence Are Located In California And Austin, Texas. ..................................................................................................2

    B. Apple Has No Connection To The Waco Division. ...............................................3

    C. Plaintiff Is Based In The Southern District Of Texas And Has No Connection To The Waco Division. ........................................................................3

    D. No Relevant Third Parties Have Any Connections To The Waco Division. ...........4

III. LEGAL STANDARD ...........................................................................................................4

IV. ARGUMENT .........................................................................................................................5

    A. This Action Could Have Been Brought In The Austin Division. ............................5

    B. Factors That Favor Transfer .....................................................................................5

        1. Private Interest Factor 1: The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer. ..............................................................5

        2. Private Interest Factor 3: The Convenience Of Willing Witnesses Strongly Favors Transfer. ............................................................................6

        3. Public Interest Factor 1: Austin Has A Strong Local Interest In Resolving This Dispute Based On Relevant Events and Witnesses There—The Waco Division Does Not. .........................................................8

    C. Factors That Are Neutral. ........................................................................................9

        1. Private Interest Factor 2: The Availability Of Subpoena Power. ................9

        2. Private Interest Factor 4: Practical Problems With Transfer. .....................9

        3. Public Interest Factors 2, 3, and 4. .............................................................10

V. CONCLUSION ....................................................................................................................11

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*10Tales, Inc. v. TikTok Inc.*,
    No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) .................... 10

*Data Scape, Ltd. v. Dell Techs.*,
    No. 6:19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ................... 6, 9

*DataTreasury Corp. v. First Data Corp.*,
    243 F. Supp. 2d. 591 (N.D. Tex. 2003) ........................................................................... 5

*Fairfield Indus. v. Wireless Seismic, Inc.*,
    No. 2:13-CV-903-JRG-RSP, 2014 WL 4829071 (E.D. Tex. Sept. 26, 2014)................ 7, 8

*Freshub, Inc. v. Amazon.com Inc.*,
    No. 19-cv-388-ADA, 2019 WL 10856832 (W.D. Tex. Sept. 9, 2019) .......................... 6, 7

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020)....................................................................................... 5

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)............................................................................... 6, 7, 10

*In re Horeshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003) ........................................................................................ 10

*In re Hulu,*
    No. 2021-142 (Fed. Cir. Aug. 8, 2021).......................................................................... 7

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) .................................................................................. passim

*In re Samsung*,
    No. 21-139 (Fed. Cir. June 30, 2021) ............................................................................ 7

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)....................................................................................... 5

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ................................................................................. 4, 7, 8

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ....................................................................................... 5, 6

**TABLE OF AUTHORITIES (cont'd)**

**Pages**

*Kirsch Research & Dev., LLC v. GAF Materials LLC*,
　　No. 3:20-CV-1028-K, 2020 WL 5815911 (N.D. Tex. Sept. 30, 2020) .............................. 5

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
　　2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ................................................................. 9

*Piper Aircraft Co. v. Reyno*,
　　454 U.S. 235 (1981) .............................................................................................................. 4

*Word to Info, Inc. v. Facebook, Inc.*,
　　No. 3:14-cv-43870-K, 2015 WL 13870507 (N.D. Tex. July 23, 2015) ............................. 8

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................... 1, 4, 7

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully requests that the Court intra-district transfer this case from the Waco Division of the Western District of Texas (hereinafter, "Waco Division") to the Austin Division of the Western District of Texas (hereinafter, "Austin Division"). Apple's relevant witnesses and evidence are located primarily in California and Austin, Texas. In particular, the team responsible for developing the accused "Secure Enclave" technology is based in California; but at least three Apple witnesses who work on the Secure Enclave technology and their corresponding documents are located at Apple's Austin offices. There are no Apple witnesses or evidence in the Waco Division. Because at least three relevant witnesses are located in Austin and no relevant witness or evidence is located in the Waco Division, the Austin Division is the clearly more convenient forum relative to the Waco Division.

Plaintiff appears to be based at the named inventor's house in Houston, which is in the Southern District of Texas. Apple's investigation has shown no connection between Plaintiff and the Waco Division. Indeed, Plaintiff does not appear to have any connection to the Western District of Texas.

And no third parties relevant to this case have any connection to the Waco Division.

Under the eight-factor analysis applicable to transfer motions under § 1404(a), three of those factors favor transfer and the remaining five factors are neutral. None of the factors weigh against transfer. Accordingly, the Austin Division is the clearly more convenient forum relative to the Waco Division. *See, e.g.*, *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013) (finding that it was "extraordinary error" to deny transfer where three of eight factors favored transfer, other factors were neutral, and no factors weighed against transfer).

## II.     FACTUAL BACKGROUND

Plaintiff asserts one claim from each of four related patents[1] in this case. Ex. A [Plaintiff's Preliminary Infringement Contentions, July 23, 2021] at Exs. 1-4.[2] Plaintiff asserts infringement based on the inclusion of Apple's "Secure Enclave" processor in various Apple products. Ex. A [Plaintiff's Preliminary Infringement Contentions, July 23, 2021] at 1 ("Identity asserts infringement of the four asserted patents by Apple's Secure Enclave processor.").

### A.     Apple's Relevant Witnesses And Evidence Are Located In California And Austin, Texas.

Apple is a California corporation headquartered in Cupertino, California. Answer, D.I. 18 ¶ 3. Apple has a campus in Austin, Texas. Declaration of Mark Rollins (hereinafter "Rollins Decl.") ¶ 8. Apple also owns and operates two retail stores in Austin. Rollins Decl. ¶ 9.

The team responsible for designing and developing the Secure Enclave technology at issue in this litigation is based in California, at or near Apple's Cupertino headquarters. Rollins Decl. ¶ 10. That team, however, also includes two Austin-based engineers who are responsible for defining the security architecture specifications for Secure Enclave and one Austin-based engineer who is responsible for the design specifications for Secure Enclave. Rollins Decl. ¶¶ 11-14. The security architecture specifications describe the Secure Enclave technology at an architectural level. Rollins Decl. ¶ 15. The design specifications for Secure Enclave leverage the security architecture specifications to define the implementation of Secure Enclave in Apple's products. Rollins Decl. ¶ 15. In particular, the following three Austin-based engineers are involved in defining the security architecture and design specifications for Secure Enclave:

- Vincent Le Roy is a security engineer who defines security architecture specifications for

---

[1] The "Asserted Patents" are U.S. Patent Nos. 7,493,497, 8,020,008, 8,489,895, and 9,507,948.

[2] All exhibits are attached to the Declaration of Elizabeth Weyl (hereinafter "Weyl Decl.").

- Secure Enclave. Mr. Le Roy began working on the Secure Enclave technology in approximately April 2018. He is based in Apple's Austin office at CityView.

- Eric Peeters is a security engineer who defines security architecture specifications for Secure Enclave. Mr. Peeters began working on the Secure Enclave technology in approximately May 2020. He is based in Apple's Austin office at CityView.

- Gil Herbeck is a design engineer who works on the design specifications for Secure Enclave. Mr. Herbeck began working on the Secure Enclave technology in approximately 2013. Mr. Herbeck is based in Apple's Austin office at Capital Ridge.

Rollins Decl. ¶¶ 12-14. Accordingly, the vast majority of witnesses and documents in this case will come from California and Austin.

### B.  Apple Has No Connection To The Waco Division.

None of the evidence Apple expects to produce in this case is located in the Waco Division. Apple does not have any offices or retail stores in the Waco Division. Rollins Decl. ¶¶ 8, 9. Apple does not have any witnesses in the Waco Division, and, critically, Apple does not have any witnesses who work on the accused Secure Enclave technology in the Waco Division. Rollins Decl. ¶ 16. Finally, Apple does not store any documents in the Waco Division. Rollins Decl. ¶ 17. Apple simply has no connection to the Waco Division.

### C.  Plaintiff Is Based In The Southern District Of Texas And Has No Connection To The Waco Division.

Plaintiff appears to have limited (if any) business operations, none of which are in the Waco Division. In particular, Plaintiff's principal place of business appears to be the home of the named inventor of the Asserted Patents in Houston, Texas, which is located in the Southern District of Texas. Compl. ¶ 1, Exs. B-D. On the parties' September 9 meet-and-confer, Apple's counsel

asked Plaintiff what, if any, relevant connection Plaintiff contends the case has to the Waco Division. Weyl Decl. ¶ 6. Plaintiff's counsel declined to provide any response. Weyl Decl. ¶ 6.

### D. No Relevant Third Parties Have Any Connections To The Waco Division.

Apple's investigation-to-date has not uncovered any third parties with relevant information in the Western District of Texas, much less in the Waco Division.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." That statute applies equally "to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

The threshold question is whether the suit could have been brought in the proposed transferee venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*"); *Radmax*, 720 F.3d at 288. If so, the Court must consider a number of private and public interest factors to determine whether transfer is appropriate. The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I* at 203 (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* The Court also considers the "interest of justice" as part of the public factor analysis. *Kirsch Research. & Dev., LLC v. GAF Materials LLC*, No. 3:20-

CV-1028-K, 2020 WL 5815911, at *1 (N.D. Tex. Sept. 30, 2020) (quoting *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d. 591, 593 (N.D. Tex. 2003)).  Transfer from one division to another should be granted when there are factors that favor the transferee division and no factor favors the transferor division.  *Radmax*, 720 F.3d at 290.  That principle applies even if the transferee division and the transferor division are geographically close.  *Id*. at 288-290.

The plaintiff's choice of venue is not a factor in this analysis.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*Volkswagen II*"); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319–20 (Fed. Cir. 2008) ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor.").

**IV.   ARGUMENT**

Apple respectfully submits that the Court should transfer this case to the Austin Division because—when balancing the relative convenience between the two venues—the Austin Division is clearly more convenient relative to the Waco Division.  Venue is proper in the Austin Division and the private and public interest factors favor transfer there.

**A.   This Action Could Have Been Brought In The Austin Division.**

Plaintiff could have brought this action in the Austin Division.  Apple maintains a presence in Austin where it employs at least three individuals who work on the Secure Enclave technology.  Rollins Decl. ¶¶ 8, 11.

**B.   Factors That Favor Transfer.**

**1.   Private Interest Factor 1:  The Relative Ease Of Access To Sources Of Proof Strongly Favors Transfer.**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing

5

*In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  Even in view of the availability of electronic discovery, the location of documents is still an important factor in the transfer analysis. *Volkswagen II*, 545 F.3d at 316.

The overwhelming majority of documents and witnesses are located in California or Austin.  Rollins Decl. ¶¶ 10, 11, 16, 17.  Critically, Apple has no witnesses or evidence in the Waco Division.  *Freshub, Inc. v. Amazon.com Inc.*, No. 19-cv-388-ADA, 2019 WL 10856832, at *1 (W.D. Tex. Sept. 9, 2019) ("Of greatest import to the Court is that no anticipated party or non-party witnesses reside in the Waco Division.").

Plaintiff likely has minimal, if any, documents.  And Apple believes that none of those documents are kept in the Waco Division in the ordinary course of business.  Indeed, Plaintiff does not allege any connection to the Waco Division in its Complaint, and Plaintiff's purported principal place of business is in the Southern District of Texas—at the named inventor's house in Houston—not in the Waco Division.  Compl. ¶ 1; Exs. B-D.

Based on the record thus far, and Apple's investigation-to-date, there are no third party sources of proof in the Waco Division.

Accordingly, the *relative* ease of access to sources of proof relevant to this case strongly favors the Austin Division over the Waco Division.  *Data Scape, Ltd. v. Dell Techs.*, No. 6:19-CV-00129-ADA, 2019 WL 4254069, at *2 (W.D. Tex. June 7, 2019) (quoting *Radmax*, 720 F.3d at 288) (holding that this factor focuses on "*relative* ease of access, not *absolute* ease of access" to sources of proof).

### 2. Private Interest Factor 3: The Convenience Of Willing Witnesses Strongly Favors Transfer.

The convenience of willing witnesses factor weighs in favor of transfer because at least three relevant witnesses are located in Austin and no relevant witnesses are located in the Waco

6

Division.  "The convenience of the witnesses is probably the single most important factor in a transfer analysis."  *Fairfield Indus. v. Wireless Seismic, Inc.*, No. 2:13-CV-903-JRG-RSP, 2014 WL 4829071, at *2 (E.D. Tex. Sept. 26, 2014) (citing *In re Genentech*, 566 F.3d at 1342).  This factor must take into account the convenience for willing party witnesses.  *In re Hulu,* No. 2021-142, slip op. at 10-11 (Fed. Cir. Aug. 8, 2021) ("The district court's analysis discounting the inconvenience to [defendant's] witnesses is fundamentally at odds with the purpose of a transfer for convenience of the witnesses, and it conflicts with the district court's own recognition that a court must consider the factor of inconvenience to all witnesses."); *see also In re Samsung*, No. 21-139, slip op. at 13-14 (Fed. Cir. June 30, 2021) (district court "clearly assigned too little weight to the relative convenience of the [transferee forum]" by "weighing the willing witness factor only slightly favoring transfer.").  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.

Apple has identified three witnesses who work on the Secure Enclave technology in Austin—including two engineers who define the security architecture specifications for Secure Enclave and one engineer who defines the design specifications for Secure Enclave.  Rollins Decl. ¶¶ 11-14.  The Austin Division is clearly more convenient for those witnesses than the Waco Division because Apple's Austin-based witnesses could remain home during trial or any other proceeding in which their attendance is necessary, rather than having to stay at a hotel in Waco or having to drive more than 100 miles each way to attend proceedings in Waco.  *Freshub*, 2019 WL 10856832 at *2 ("[E]ven 80 or 90 miles is inconvenient.").

By comparison, Apple is aware of no potential willing witness who resides in the Waco Division.

Plaintiff's purported principal place of business is at the named inventor's house in Houston.  Compl. ¶ 1; Exs. B-C.  Plaintiff's principal place of business in Houston is slightly closer to the Austin courthouse than it is to the Waco courthouse.[3]  Exs. E, F.

Accordingly, Austin is the more convenient forum for willing witnesses relative to Waco.

### 3. Public Interest Factor 1:  Austin Has A Strong Local Interest In Resolving This Dispute Based On Relevant Events and Witnesses There—The Waco Division Does Not.

The local interest consideration "is based on the principle that jury duty is a burden that ought not to be imposed upon the people of a community that has no relation to the litigation." *Fairfield*, 2014 WL 4829071 at *4 (quoting *Volkswagen I*, 371 F.3d at 205-06) (internal citation omitted).  "A local interest is demonstrated by a relevant factual connection between the events and the venue."  *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-43870-K, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015).

Here, the Austin Division has a more legitimate interest in resolving this dispute (relative to the Waco Division) because at least some of the events relevant to this case occurred there.  As explained above, Plaintiff asserts that Apple's Secure Enclave technology infringes the Asserted Patents.  Ex. A [Plaintiff's Preliminary Infringement Contentions, July 23, 2021] at 1 ("Identity asserts infringement of the four asserted patents by Apple's Secure Enclave processor.").  Apple employs at least three engineers who work on Secure Enclave in Austin and, as relevant here, two

---

[3] The original assignee of three of the Asserted Patents—Integrated Information Solutions, believed to be Plaintiff's predecessor—was located in Sugar Land, Texas, which is similarly closer to the Austin courthouse than to the Waco courthouse.  Compl. Exs. 1-3 at 1 (identifying Assignee as "Integrated Information Solutions, Sugar Land, TX"); Exs. G, H.  Those three Asserted Patents were assigned to Plaintiff on April 24, 2021, less than two weeks before Plaintiff filed suit.  Exs. I-K.

8

of those three Austin-based Apple engineers—Vincent Le Roy and Eric Peeters—are responsible for defining the security architecture specifications for Secure Enclave, and a third Austin-based Apple engineer—Gil Herbeck—is responsible for the design specifications for Secure Enclave. Rollins Decl. ¶¶ 11-14.  No witnesses with relevant knowledge work in the Waco Division.

Plaintiff is based in Houston, not in the Waco Division.  Compl. ¶ 1.  And to the extent that Plaintiff has any commercial business operations, the local interest is slightly closer to Austin than to Waco.  Exs. E, F.

Accordingly, the *relative* local interests favor transfer to the Austin Division.  *See Data Scape*, 2019 WL 4254069 at *3 ("the local interest factor, like all § 1404 factors, is concerned with the *relative* interests between the transferee and transferor forums."); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-cv-464-LY, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014) ("The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

### C.  Factors That Are Neutral.

#### 1.  Private Interest Factor 2:  The Availability Of Subpoena Power.

The availability of compulsory process to secure witness attendance is neutral.  Apple has not identified any third parties that would be subject to a subpoena issued out of the Waco Division but that would not be subject to a subpoena issued out of the Austin Division.  Accordingly, the subpoena power of the Waco and Austin Divisions is equal with respect to the relevant issues in this case.

#### 2.  Private Interest Factor 4:  Practical Problems With Transfer.

This factor is neutral because this case is in its infancy.  Indeed, the Court only recently entered a scheduling order, no discovery has taken place, and the Markman hearing is scheduled for January 14, 2022.  *See* D.I. 25 [Scheduling Order].  Transfer therefore creates no practical

problems and "would not likely create any meaningful delays." *10Tales, Inc. v. TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *5 (W.D. Tex. May 21, 2021). Moreover, any delay associated with transfer is only relevant "in rare and special circumstances," such as when transfer would cause further delay in an already protracted litigation. *Radmax*, 720 F.3d at 289 (quoting *In re Horeshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003)). Because the case is in its early stages, no such rare and special circumstances exist here.

### 3. Public Interest Factors 2, 3, and 4.

The remaining public interest factors—court congestion, conflicts of laws, and familiarity with governing law—are neutral.

To the extent that there are any differences between the congestion of the dockets in the Austin and Waco Divisions, the Federal Circuit has emphasized that court congestion is the "most speculative [factor]" since "case-disposition statistics may not always tell the whole story." *In re Genentech*, 566 F.3d at 1347. When "relevant factors weigh in favor of transfer and others are neutral, [] the speed of the transferee district court should not alone outweigh all those other factors." *Id.* Moreover, because trial is not scheduled until January 2023, any differences in court congestion between the Austin and Waco Divisions could be easily mitigated and there is no indication that this case could not be tried in either Division. Indeed, Plaintiff recognized that "trial date[s] can be independently adjusted" and "even long-standing trial dates are subject to adjustment as case circumstances may require." Ex. L [Joint Chart re: Scheduling Order, Aug. 16, 2021] at 2.

There are no differences between the Austin and Waco Divisions with respect to conflicts of laws or familiarity with governing law. Accordingly, those factors are neutral.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant Apple's motion to transfer this case to the Austin Division.

| | |
|---|---|
| Dated: September 10, 2021 | Respectfully submitted, |
| | |
| John M. Desmarais (*Pro Hac Vice*) | /s/ J. Stephen Ravel |
| Leslie M. Spencer (*Pro Hac Vice*) | J. Stephen Ravel |
| Cosmin Maier (*Pro Hac Vice*) | Texas State Bar No. 16584975 |
| Elizabeth Weyl (*Pro Hac Vice*) | Kelly Ransom |
| Edward Geist (*Pro Hac Vice*) | Texas State Bar No. 24109427 |
| Amy Wann (*Pro Hac Vice*) | KELLY HART & HALLMAN LLP |
| DESMARAIS LLP | 303 Colorado, Suite 2000 |
| 230 Park Avenue, 26th Floor | Austin, Texas 78701 |
| New York, NY 10169 | Tel: (512) 495-6429 |
| Telephone: (212) 351-3400 | steve.ravel@kellyhart.com |
| Facsimile: (212) 351-3401 | kelly.ransom@kellyhart.com |
| jdesmarais@desmaraisllp.com | |
| lspencer@desmaraisllp.com | ***Attorneys for Apple Inc.*** |
| cmaier@desmaraisllp.com | |
| eweyl@desmaraisllp.com | |
| egeist@desmaraisllp.com | |
| awann@desmaraisllp.com | |

### CERTIFICATE OF CONFERENCE

I hereby certify that Apple's counsel conferred in good faith with opposing counsel pursuant to Local Civil Rule 7(g), and Identity Security is opposed to the relief sought. Accordingly, this Motion and the relief requested herein are submitted to the court for resolution.

/s/ J. Stephen Ravel
J. Stephen Ravel

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on September 10, 2021.

/s/ J. Stephen Ravel
J. Stephen Ravel